**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 21-cv-00245** |
| **REG. # 05711-068** | | **SECTION P** |
| **VERSUS** | : | |
| | | **JUDGE JAMES D. CAIN, JR.** |
| **TRUMP ARTICLES OF** | : | |
| **IMPEACHMENT INCITEMENT** | | |
| **OF INSURRECTION AT THE** | | |
| **U.S. CAPTIOL, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on January 29, 2021. Doc. 1. Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and, at the time of filing the instant suit, was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

### I.
### BACKGROUND

Petitioner is currently serving a sentence imposed on June 12, 2020, by the United States District Court for the Western District of Pennsylvania. Doc. 5, p. 1, ¶ 4. While he has a prior criminal history, he was most recently tried by jury and found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft and sentenced to consecutive terms of 80 months and 24 months imprisonment, to be followed by several years of supervised relief. *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).

In the instant petition, Banks does not challenge the manner in which his current criminal sentence is being executed. Rather, he asserts that he is being illegally detained, because he is in custody pursuant to an unauthorized and "illegal FISA warrant."  Doc. 7, p. 6, ¶ 13.  His original petition, deficient due to form, and referenced in his amended petition, also made various outlandish allegations, including "electronic harassment perpetrated via satellite by the CIA," in the form of "a little known technology called 'Microwave Hearing' & 'Microwave Auditory Effect' or 'Frey Effect'" and sought the release of President Trump from unlawful custody.  Doc. 1, p. 1.  He names as Respondents the Trump Articles of Impeachment Incitement of Insurrection at the U.S. Capitol, the U.S. House of Representatives, the U.S. Senate, FCIO Warden Secou Ma'at, the Central Intelligence Agency, the Designation and Sentence Computation Center and the Federal Bureau of Prisons.

## II.
### LAW & ANALYSIS

#### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

Banks filed a petition identical to the one presently before this Court in the United States District Court for the Central District of California. *Banks v. Trump Articles of Impeachment Incitement of Insurrection at the U.S. Capitol*, Docket No. 2:21-cv-1042, 2021 U.S. Dist. LEXIS 27579 (C.D. Ca. Feb. 11, 2021). After recounting Banks' history as a notorious frequent filer and vexatious litigant, that court found that there was no viable claim for habeas relief alleged the petition:

> There is and can be no viable claim for habeas relief alleged in the Petition based on its subject matter. To the extent that Banks seeks habeas relief on his own behalf, his assertions that he is in custody due to the CIA's use of microwave hearing technology and/or a FISA warrant or detainer are factually and legally frivolous within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-33 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Banks is in custody because he has been convicted in a different federal District of multiple federal crimes and is serving his related sentence in yet another different District, not because of any putative FISA warrant and/or electronic surveillance by the CIA. Banks is not in custody in this District for habeas or any other purposes
>
> …
>
> His allegations as to custody in this District based on putative CIA signal transmissions and/or a warrant emanating from this District are factually specious and legally unavailing. *See Banks v. Canada*, No. 9:20-CV-0064 (LEK), 2020 U.S. Dist. LEXIS 60856, 2020 WL 1689859, at *2 (N.D.N.Y. April 7, 2020) (dismissing Section 2241 petition brought by Banks raising the same allegations he has made in prior cases brought here and finding his allegation that the CIA's alleged electronic signal originated in the district insufficient to confer jurisdiction in the district, given that his district of confinement was elsewhere).
>
> Banks's assertion that he may seek habeas relief on behalf of former President Trump related to the pending impeachment proceedings is equally frivolous. Banks has been told time after time that his various "habeas" actions motivated by news events involving others do not belong in this District. Moreover, as Banks also has been told over and over again, he has no right to purport to represent anyone else in legal proceedings. Generally, non-lawyers may not represent other persons in court. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of

others in a representative capacity)…*see also Banks as next friend of Waymer v. Eddy*, 801 Fed. App'x 50 (3rd Cir. April 14, 2020) (affirming dismissal of Section 2241 petition brought by Banks on behalf of others and finding that not only did Banks lack standing to seek relief on behalf of others as a next friend, but that "as a layperson, Banks cannot represent other parties," even if he is purporting to act as a next friend); *Banks v. NPR New Morning Edition*, 795 Fed. App'x 92 (3rd Cir. Feb. 25, 2020) (affirming dismissal of Section 2241 petition brought by Bank on behalf of Anthony Bourdain and finding that "Banks cannot litigate on behalf of Bourdain or his estate").

*Banks v. Trump Articles of Impeachment Incitement of Insurrection at the U.S. Capitol, Docket*

No. 2:21-cv-1042, 2021 U.S. Dist. LEXIS 27579, *7-10 (C.D. Ca. Feb. 11, 2021).

For the same reasons set forth by the California court, this Court finds that Petitioner has failed to state a viable claim for habeas relief.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the petition before this Court be **DENIED** and that this matter be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days

following the date of its service, shall bar an aggrieved party from attacking on appeal, either the

factual findings or the legal conclusions that were accepted by the District Judge and that were not

objected to by the aforementioned party,  except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 6th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE